### HUMPHREYS HOMEOPATHIC MED. CO. *v.* BELL *et al.*

*(Common Pleas of New York City and County, General Term.* May 18, 1888.)

1. INJUNCTION—WHEN LIES—INFRINGING METHOD OF PACKING MEDICINE.
   Defendants' boxes of medicine, as prepared for market, bore a close and intentional resemblance to plaintiff's boxes externally, and in the arrangement and number of the bottles of ointment, medicator, pamphlet, and labels, calculated to mislead the public. *Held*, that plaintiff was entitled to an injunction restraining defendant from infringing on his original and peculiar method of preparing, wrapping, boxing, and packing his medicines.

2. SAME—TO RESTRAIN USE OF OFFICIAL TITLE—MANAGER OF CORPORATION.
   One who has acted simply as business manager of a medicine company, another having charge of the medical department, may be enjoined from advertising himself as "late manager" of such company.

Appeal from equity term.

This is an action brought by the Humphreys Homeopathic Medical Company against Beatson J. Bell *et al.* to restrain the latter from preparing and packing their medicines for market so as to resemble plaintiff's, and to restrain defendant Bell from advertising himself as late manager of plaintiff. Judgment for plaintiff. Defendants appeal.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Thornton, Earl & Kirnell*, for appellants. *B. F. Ryan*, for respondent.

LARREMORE, C. J. The learned judge who tried this case at the equity term, in his opinion there rendered, has carefully considered both of the important points involved. These are: *First*, the question of the similarity between the plaintiff's and defendants' boxes of veterinary specifics, and the alleged imitation of plaintiff's medical preparations by the defendants; and, *second*, the matter of the defendant B. J. Bell's describing himself habitually, in his business advertisements, as the "late manager of Humphreys Specific Medicine Company."

With regard to the first of these subjects of controversy, we think that the cases cited by Judge DALY establish the general principle that, outside of the question of the infringement of a specific trade-mark, there is a proprietary right which may be asserted in a court, and protected from violation by an injunction, if necessary, in any original and peculiar method or form of preparing, wrapping, boxing, and packing articles of merchandise, which, as matter of fact, has been invented and first employed by the plaintiff, and has not been in common use by the public. In the case of *Woollam* v. *Ratcliff*, 1 Hem. & M. 259, cited by Judge DALY, it was held that, in regard to the packing of merchandise in "a bundle similar to that of complainant's, the wrong does not lie in the resemblance in any one particular, but in the accumulation of resemblances." The grounds for an injunction in such a case are, as in trade-mark cases, twofold, to-wit: *First*, that of protection to the

plaintiff in his exclusive right; and, *second,* that of the protection of the public from imposition by the palming off of goods different from or inferior to those usually furnished by the plaintiff.   The learned judge at special term, after a careful review of the evidence, and an actual inspection of the cases of medicine, and the contents thereof, furnished by the plaintiff and the defendants, respectively, has reached the conclusion that one is a close and intentional imitation of the other; and that, by reason of the similarity between the boxes externally, "the arrangement and number of the bottles of ointment, medicator, pamphlet, and labels on the bottles, and inside the cover of the box," there is danger that the public will be misled, and that persons intending to purchase the plaintiff's preparations may be induced to purchase the defendants' instead.   We see no reason to question or disturb this finding of fact.   It is one which, in the nature of things, must depend largely on an ocular examination of the original article and its alleged infringement, and the printed evidence in the case is sufficient and ample to sustain the judge's finding.

We also concur with the learned judge's disposition of the second question above referred to.   A large part of the evidence offered by the defendants tended to show that the defendant Beatson J. Bell had actually been the manager of the plaintiff corporation, or its predecessor of a similar name, and that, therefore, he was justified in describing himself as such manager in his subsequent business operations.   But such evidence, even if taken as true, would not establish anything further than that said defendant had been the business manager of such corporation.   The testimony shows that said defendant while in the employ of plaintiff had to do with book-keeping, general management of finances, engagement and discharge and direction of traveling salesmen and other employes, and attending to the corporation's advertising.   The business and financial department of such a corporation as the plaintiff, while, of course, important, is necessarily not its most essential branch; it is rather an adjunct to the main purpose of its formation.   It does not appear that said defendant had anything to do with the management of the laboratory, or the preparation of any of the remedies or medicine prepared by the Humphreys Homeopathic Medicine Company.   For this reason it is not a truthful statement for Mr. Bell to describe himself as "late manager of the Humphreys Specific Medicine Company."   As Judge DALY remarks in his opinion: "But with that branch of the business on which alone the reputation of the company depended, the compounding of medicines and putting up of specifics, he had no concern whatever, as Doctor Humphreys, the president of the company and the originator of the system of specifics, had exclusive charge of it."   A decision of Judge DUGRO at the special term of the superior court (*Colton* v. *Deane,* Daily Reg. Feb. 14, 1887) is in point in the present discussion.   That was an action brought for an injunction against a woman who described herself, in business advertisements, as, "Colton's late assistant."   It seems that the duties actually performed by said woman were not the assisting of the dentists in extracting teeth, but only in the administration of gas under instructions from the operator; and the plaintiff therein testified that this service could be performed by any child after an experience of a couple of weeks.   The learned judge remarked: "Colton's business consisted in extracting teeth with the aid of gas.   The extraction of teeth was the main work.   This required a dentist, and for this work he had several dentists in his employ.   The work of Miss Wolfsbruck was such as required very slight experience, for it seems the menial servant sometimes did it.   Colton's business establishment was well known throughout the community as a place where teeth would be painlessly extracted.   And, by holding herself forth to the public as 'Colton's late assistant,' Miss Wolfsbruck was impliedly claiming that she had assisted at said establishment in the extraction of teeth, while such was not in fact her duty in said place."   This case in the superior court was closely analogous

in principle to the case at bar, and I concur with the views of the learned judge there expressed. There, as in the present case, a permanent injunction was granted against the use of the false designation or description. The judgment appealed from should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concur.