A. Ross v. R. C. Fitch and Wife.

(Case No. 1153.)

1. SLANDER.— Plaintiffs charged, in an action for slander, that defendant had uttered and published words concerning one of them (the wife of co-plaintiff), imputing to her a want of chastity, stating the language, by reason whereof she, being poor, was refused employment and civil treatment; that being a boarding-house keeper,

her boarders left her house by reason of the publication of the alleged slander, and that other persons refused to patronize her as a school teacher for the same cause. *Held*,

(1) Words imputing a want of chastity to a female are not actionable *per se*, but special damage must be alleged as resulting therefrom.

(2) It was not necessary to give in the petition the names of those who refused the plaintiff civil treatment, of the boarders who left her house, or the names of those who refused to patronize her school; this was matter of evidence, not required to be pleaded.

(3) The charge of the court, as applicable to the case (as contained in statement), was correct.

(4) The word "injury," used in the charge instead of "damage," could not have misled the jury.

ERROR from Bastrop. Tried below before the Hon. J. P. Richardson.

Fitch and wife brought this suit against Ross July 14, 1874, to recover damages for slanderous words uttered and published by him of and concerning Mrs. Fitch. The words so charged to have been uttered and published imputed to Mrs. Fitch a want of chastity. The special damages alleged as resulting therefrom were, that Fitch and wife were poor, and dependent for a living upon their daily labor, and that by reason of the slander they had been refused employment, and polite and civil treatment; that they were keeping a boarding-house, and many of their boarders left them on account of the slander; that Mrs. Fitch was about taking up a school, and persons refused to send to her school on account of the slander, and that she was thereby forced to abandon the idea of teaching the school; that by reason of the slander her health was impaired, and that she was not fully able to perform her accustomed household labor.

Ross answered by special exceptions, general denial, and that, if the words were spoken by him, they were true.

The case was tried November 27, 1874, and resulted in a verdict and judgment against Ross for $1,000, from which he appealed and assigned errors.

The court charged the jury, "Words spoken of another imputing the commission of an offense against law constitute slander, and a person so spoken of may maintain an action for such slander without any proof of actual injury; but if the words spoken do not impute the commission of an offense, they may constitute a slander, if the person of whom they are spoken is injured by the words. To charge a woman with a want of chastity is not to charge her with an offense against the law; and, therefore, to render such charge slander, it is necessary to prove not only that the words im-

puting such a charge were spoken of the plaintiff by the defendant, but that the plaintiff was actually injured by the charge thus made.

"If you find, from the evidence, that the defendant spoke the words set forth in the petition of the plaintiff, Mrs. Fitch, meaning and intending to charge her with a want of chastity, and that in consequence of such words the plaintiffs have been injured in health, property, or reputation, then you should find a verdict for plaintiffs for such amount as you think a sufficient compensation for such injury; and in estimating damages you are not confined to the amount of damages actually proved, but you will take into consideration the degree of malice prompting the defendant to utter the words, the probable consequences to the plaintiffs, and all the circumstances of the case.

"The burden of proof is upon the plaintiffs to establish the slander and the resulting damage by a preponderance of evidence. If they fail to prove that the words were spoken by the defendant as charged in the petition, and that plaintiffs were injured thereby, then you should return a verdict for the defendant."

*Moore & Organ*, for plaintiff in error.— We insist that the allegations of defendants in error, in their petition, were too general and indefinite. They should have given the names of those persons, or at least some of them, who had refused them employment; who of their neighbors had refused them civil or polite treatment; who of their boarders had left their boarding-house, or who had refused to send their children to school.

Under the common law system of pleading, in this form of action, such particularity has been uniformly required, when, from the nature of the case, it was capable of such particularity. See Starkie on Slander, vol. 1, marg. p. 441; id., vol. 2, marg. p. 63; Chitty's Pleading, vol. 1, p. 397; Hilliard on Torts, vol. 1, pp. 242, 243. The reason of this rule is obvious, and applies as well to our system of pleading as to that of the common law.

It was intended to prevent the defendant from being taken by surprise, and to give him an opportunity of meeting the charge, if it be false, with his evidence. The court, in disregarding this rule of pleading, as a natural consequence also ignored another rule of evidence, that is, the rule requiring the production of the parties as witnesses in connection with whom the injury is said to have resulted, because they are the only persons who could possibly know by what reasons they were influenced in their actions. If plaintiffs

are to be allowed to violate this salutary rule of pleading, the great injustice and hardship it will work to defendants is very apparent.

*Jones & Sayers,* for defendant in error.

WATTS, J. COM. APP. — No indictable offense was imputed to Mrs. Fitch by the slanderous words charged to have been uttered and published by appellant of and concerning her. One of the essential elements of the offense of adultery, as defined by our criminal code, is that the parties must live together in a state of cohabitation. It cannot be deduced from the language imputed to appellant that he thereby charged that Mrs. Fitch and Marion Gilbert were or had been living together in a state of cohabitation.

It is the recognized doctrine in this state, that words imputing a want of chastity to a female are not actionable *per se,* and special damages must be alleged as resulting therefrom. Any special damage, however slight, will suffice to sustain the action. McQueen *v.* Fulgham, 27 Tex., 463; Linney *v.* Maton, 13 Tex., 449. We do not think that the court erred in overruling appellant's exceptions to the original and amended petitions.

It was not necessary to give the names of the persons who had refused to employ appellees on account of the slander, or the names of those who had refused them polite and civil treatment, or the names of the boarders who left their boarding-house, or the names of those who refused to send their children to Mrs. Fitch's school.

As was said in H. & T. C. R. R. Co. *v.* Shafer, 54 Tex., 646, "Conceding the rule of pleading applicable to the matter here involved to require with us, as it does at common law, that the facts which constitute the special damage shall be stated specifically and circumstantially, as held in Sutton *v.* Page and Wife, 4 Tex., 142, we are of opinion that the amended petition sufficiently conforms to it. The facts were not indefinitely stated, nor does there exist any uncertainty as to the cause of special damage complained of, nor the effect which it produced upon the plaintiff. It is neither necessary nor proper to set forth the evidence on which the pleader relies to sustain the facts which constitute his cause of action."

The charge asked by appellant and refused by the court was, in substance and effect, given in the charge of the court, and it was not necessary or proper that the same proposition should have been repeated in a separate charge.

Considering the charge of the court in its application to the case

made by the pleading and evidence, it is a correct exposition of the principles of law to guide the jury in their determination.

The use of the word "injury," in place of "damage," as found in the charge, could not have misled the jury.

While the evidence, as shown by the record, is meager, considering the whole case, we are not able to say that the verdict is not sustained by the evidence.

We conclude, and so report, that the judgment ought to be affirmed.

Affirmed.

[Opinion approved December 5, 1882.]