Fort Worth Compress Company v. Chicago, Rock Island & Texas Railway Company.

Delivered April 23, 1898.

**1.  Evidence—Opinion as to Value.**

Upon a question of value the opinion of witnesses who show themselves to be sufficiently acquainted with the property is competent evidence.

**2.  Assignment of Error—Admission of Evidence.**

An assignment of error to the admission of a large amount of evidence, some of which is competent, is not tenable.

APPEAL from Tarrant.   Tried below before Hon. IRBY DUNKLIN.

*A. M. Carter*, for appellant.

*N. H. Lassiter*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The Fort Worth Compress Company, owning and operating a cotton compress situated in the city of Fort Worth, and adjacent to Pecan Street, brought this suit against the Chicago, Rock Island & Texas Railway Company to recover damages on account of the construction of its roadbed and track in that street.

This railway track was laid in and along the west side of the street (which is 60 feet in width), and distant from the compress platform from 27 to 45 feet, and from the land owned by the compress company upon which its plant was situated from — to about 47 feet.  On the opposite or east side of the street, next to and running into the compress property, was a spur track of the Gulf, Colorado & Santa Fe Railway. The Fort Worth & Denver City Railway and the Texas & Pacific Railway companies also had tracks in and about the compress property.  Such were the environs of the compress when the Rock Island was built in Pecan Street, and no spur or switch had up to the trial been applied for or constructed connecting it with the compress.

The opinions of the witnesses introduced by the appellant tended to show that the construction of this additional railway in Pecan Street had impaired the value of the compress to the extent of from 15 to 25 per cent, but the facts stated by them as a basis for their opinions do not, according to our analysis, especially in view of the testimony introduced by the appellee, warrant the conclusion that the compress was materially affected in value by the construction of the road in question.  As we read the record, the compress enjoyed substantially the same privileges of egress and ingress after as before the construction of this road, and the rate of insurance against fire was not enhanced thereby.  There was some opinion evidence offered in behalf of appellee which tended to show that the proximity of this railway track to the compress plant, though no connection therewith had been applied for or obtained, tended to enhance the value of the compress.  That is to say, we are of opinion that there was sufficient evidence, both of damage and accruing benefits, to warrant the court's submission of the two issues to the jury; but we are also of opinion that, according to the manifest weight and great preponderance of the evidence, the appellant was not entitled to any verdict for damages.

The action of the court, in submitting these issues, both in giving and refusing charges, is complained of; but we are of opinion that the several assignments of error complaining of this action must all be overruled, since the evidence raised the issues, and the charge of the court fairly submitted them to the jury.

The several rulings upon the admission and exclusion of evidence are

complained of, and as the errors assigned thereto are quite numerous—the brief grouping nineteen assignments of error upon that subject—we pass to the consideration of the three propositions submitted under this group of assignments. These propositions are as follows:

1. "It was error on the trial of this case to admit the opinions of witnesses as to value."

2. "Said witnesses did not qualify as experts, nor did they possess any special knowledge concerning the value of the land, and the court erred in admitting in evidence their opinions."

3. "The court errred in admitting in evidence the opinions of the witnesses, because said opinions were not based upon such special benefits as are peculiar to the plaintiff, and connected with its ownership, use, and enjoyment of said land, but were based upon such benefits, if any, as the plaintiff received in common with the community generally, and such as were speculative, contingent, remote, future, and uncertain."

In this class of cases just the reverse of the first general proposition is held to be the law by authorities too numerous to require more than a reference to the elementary works. Lewis on Em. Dom., secs. 435, 436; 3 Elliott on Railroads, sec. 1038.

The second proposition is not sustained by the record, since the witnesses showed themselves to be sufficiently acquainted with the compress property and its value to give their opinions.

The third proposition is unavailing, since the objections there urged do not apply to all the opinion evidence admitted over appellant's objections, and we do not feel warranted in searching through this group of nineteen assignments of error, covering seven printed pages of appellant's brief, and the several bills of exception referred to in support thereof, for an opinion of some particular witness out of many who testified which may have been improperly admitted because it included within the estimate of special benefits something that was common rather than peculiar to the property in question.

The proposition is that this group of assignments should be sustained for the error in admitting in evidence the opinions of the several witnesses, "because said opinions were not based upon such special benefits as are peculiar to the plaintiff;" and the proposition as thus submitted can not be sustained, because it is manifest that many of the opinions of these witnesses were unobjectionable. We think the proposition should be disposed of upon the same principle that an objection to the admission of evidence is disposed of, which must be overruled unless it applies to all the evidence offered, it being incumbent upon the party objecting to point out specifically that which is objectionable, and limit his objection thereto. Railway v. Gormley, 43 S. W. Rep., 877. That is to say, we dispose of the proposition as made by appellant, without making and sustaining a different one ourselves.

Indeed, we are not prepared to hold that all of the objections urged to the evidence admitted should not have been overruled upon this prin-

ciple, though some of them may have been good had they been limited to so much of the evidence only as was objectionable.

The remaining assignments, complaining of other rulings upon the admission and exclusion of evidence, are without merit. Those complaining of the manner of conducting the examination of the witnesses involve matters of judicial discretion, without showing any abuse thereof.

Therefore, both upon the law and the facts, the judgment is affirmed.

*Affirmed.*

Writ of error refused.