HOUSTON CHRONICLE PUB. CO. v. McDAVID.

(Court of Civil Appeals of Texas. Austin. April 2, 1913. Rehearing Denied May 7, 1913.)

1. LIBEL AND SLANDER (§ 51*)—"MALICE"—PRIVILEGED COMMUNICATIONS.

Malice is implied, as a matter of law, from the publication of a defamatory article not privileged, but actual or express malice must be proved as a fact to authorize a recovery for a defamatory article which is privileged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 149; Dec. Dig. § 51.*

For other definitions, see Words and Phrases, vol. 5, pp. 4298–4304; vol. 8, pp. 7712–7713.]

2. APPEAL AND ERROR (§ 1040*) — HARMLESS ERROR — ERRONEOUS RULINGS ON PLEADINGS.

Where a mother alone sued for a libel based on a publication charging that her daughter's bad traits were inherited from her, the error in overruling a special exception to the allegation of a petition that the publication was a libel on the entire family, and especially on the daughter, was harmless, where the court charged that plaintiff could not recover for any defamation referring solely to the daughter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

3. LIBEL AND SLANDER (§ 119*)—DAMAGES—ELEMENTS—MENTAL ANGUISH.

Mental anguish is a proper element of damages for a libel.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 347; Dec. Dig. § 119.*]

4. EVIDENCE (§ 127*) — ADMISSIBILITY — RES GESTÆ—DECLARATIONS.

The exclamations of a person libeled, on first hearing the libelous article read, are admissible as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 377–382; Dec. Dig. § 127.*]

5. TRIAL (§ 85*) — EVIDENCE — OBJECTIONS — SUFFICIENCY.

An objection to testimony, a part of which is admissible, is properly overruled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. § 85.*]

6. LIBEL AND SLANDER (§ 100*)—DAMAGES—SPECIAL DAMAGES.

One suing for a libel may not prove illness or physical and mental breakdown as a result of the libel unless specially pleaded as special damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–256, 258–272, 291, 322, 323; Dec. Dig. § 100.*]

7. WITNESSES (§ 275*) — CROSS-EXAMINATION OF PARTY—SCOPE.

Where a defamatory article did not mention any names, and the issue was whether plaintiff and his wife could be identified by the language as the persons referred to, the refusal to permit defendant to prove by plaintiff on cross-examination that on reading the article he would not have known to whom it referred, except for information not possessed by the public, or by friends, and acquaintances, was erroneous.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 924, 926, 967–975; Dec. Dig. § 275.*]

8. TRIAL (§ 133*) — IMPROPER ARGUMENT OF COUNSEL—CORRECTION BY COURT.

The misconduct of counsel of the successful party in making an improper argument is not ground for reversal, where the argument was withdrawn by him and where the court instructed the jury to disregard it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

9. LIBEL AND SLANDER (§ 112*) — MALICE — EVIDENCE.

The actual malice essential to authorize a recovery for a defamatory publication, which is privileged, may be proved by circumstances showing wanton malevolence and reckless disregard of the rights of others, including the party injured.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 325–341; Dec. Dig. § 112.*]

Appeal from District Court, Bastrop County; Ed R. Sinks, Judge.

Action by Dock McDavid against the Houston Chronicle Publishing Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This is a suit for damages, compensatory and punitory, by reason of the publication of an answer in a divorce suit filed by the daughter of appellee in Houston. The appellee and his wife reside in Bastrop county, and were unknown to the appellant at the time of such publication in the Houston Chronicle, a paper of extensive circulation throughout this state, including Bastrop county. Said answer will be found in the report of this case on a former appeal in 146 S. W. 252 et seq., reference to which is here made. There was a verdict and judgment for appellee for both compensatory and punitory damages.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Hunt, Myer & Teagle, of Houston, for appellant. Sam Schwartz, of Houston, and Orgain & Maynard, all of Bastrop, for appellee.

JENKINS, J. (after stating the facts as above). 1. On the former appeal of this case we held, in substance, the publication was privileged; that it was libelous as defined by our statute; and that the second article was admissible in evidence as tending to identify the appellee and his wife as being the parties referred to in the first article. We adhere to these holdings, which dispose of appellant's first, second, third, and sixth assignments of error.

[1] 2. The definition of libel as contained in our statute (Acts 27th Leg. c. 26), is not essentially different from that of a libel per se at common law, but the scope of privileged publications is broadened. The chief difference between a privileged communication and one that is not privileged is that in the latter malice is implied as a matter of law from the publication of the defamatory article, while in the former, actual or express malice must be proven as a fact before damages can be recovered. 25 Cyc. 375; Ency. of Law, vol. 6, p. 1049; White v. Nicholls, 3 How. 286, 291, 11 L. Ed. 600–602; Cranfill v. Hayden, 97 Tex. 564, 80 S. W. 609.

[2] 3. We sustain appellant's fourth assignment of error complaining of the action of the court in overruling its special exception to the allegation in appellee's petition that the publication was a libel on his entire family, and especially on his daughter Mrs. Leona Alice Allison, who was the plaintiff in the divorce suit above referred to, but was not a party to this suit. Said error, however, was harmless, in view of the following charge given by the court:' "You are instructed that the plaintiff herein cannot recover for any charge or defamatory language contained in the published articles complained of, and which charge or language is directed or refers solely to Mrs. Leona Alice Allison."

[3, 4] 4. The fifth assignment is as to permitting appellee to testify that upon reading the article in question to his wife, which was the first time she heard it, she exclaimed: "How could they say that about a woman who has lived the life she has. [This evidently referred to her daughter.] I will be ashamed to look my friends in the face after that has gone out, after I have lived the life I have lived so long. Not a man, woman, or child could bring anything against my reputation." Mental anguish is a proper element of damages for the publication of a libel. Zeliff v. Jennings, 61 Tex. 458; Young v. Sheppard, 40 S. W. 62; 25 Cyc. 509. The exclamations of Mrs. McDavid upon first hearing the article read, and which referred to herself, tended to show her mental anguish and were properly admitted in evidence. They were not inadmissible as self-

serving declarations, for the reason that they were res gestæ.

[5] 5. That part of Mrs. McDavid's statement in reference to her daughter should not have been admitted, but as the objection was to the whole of the testimony, and a part of it was admissible, the assignment must be overruled. Williams v. Neill, 152 S. W. 694; Compress v. Railway Co., 18 Tex. Civ. App. 622, 45 S. W. 967.

[6] 6. The seventh assignment of error complains of the action of the court in permitting appellee to testify that after the publication of the article complained of his wife "gradually went down; she was confined to her bed; and about the middle of December her mind was gone." The objection to this testimony was that it was not pertinent to any issue in the case; that the pleadings did not set up any claim for damages sustained by plaintiff, based on either his wife's physical breakdown or loss of mind, and did not allege that she did break down, either physically or mentally. This assignment must be sustained. Such injuries were special damages, and, if recoverable, must have been specially pleaded. In Publishing Co. v. Jones, 83 Tex. 308, 18 S. W. 654, it is said: "Special damages must be pleaded and proved by the plaintiff." In Receiver v. Cook, 86 Tex. 632, 26 S. W. 487, 40 Am. St. Rep. 878, the court said: "It is well settled in this state that a general allegation of damages will let in evidence of such damages as naturally and necessarily result from the wrongs charged; but, to admit proof of damages which do not necessarily result from the injury alleged, the petition must set up the particular effects claimed to have followed the injury." Physical breakdown and total loss of mind cannot be said to be the natural and usual result of the publication of a libel. For the same reason the court should not have permitted appellee to testify that his wife was sick in bed, as complained of in the eighth assignment of error.

[7] 7. Appellant assigns as error the refusal of the court to allow it to prove by appellee on cross-examination that upon reading the article he would not have known to whom it referred except for "inside information." It was not made to appear what was meant by "inside information." If it was meant that he would not have known that he and his wife were referred to, except for information not possessed by the public nor by friends and acquaintances, the evidence should have been admitted. No names were mentioned in said article, and it was an issue as to whether or not appellee and his wife could be identified by the language used and the facts stated in said article.

[8] 8. If the remarks of appellee's counsel, as complained of in the tenth assignment of error, were improper, which is not fully evident, they did not constitute reversible error, for the reason that the same were withdrawn by the counsel who made them, and

the court instructed the jury to disregard them, and presumably they were disregarded by the jury.

[9] 9. There was no error in the charge of the court. Said charge instructed the jury that the communication was privileged, and that their verdict should be for the defendant, unless they found from a preponderance of the evidence that the agents of the defendant, in publishing the same, were actuated by actual malice, and defined actual malice as "ill will, bad or evil motives, or such gross indifference to the rights of others as will amount to a willful or wanton act." The charge given was equally as favorable to defendant as the special charge requested and set out under appellant's thirteenth assignment of error.

10. The portion of the charge complained of is that which permitted the jury to render a verdict for the plaintiff if they found the publication was made with such gross indifference to the rights of others as to amount to a willful or wanton act. The publication being privileged, it was necessary for the plaintiff to prove malice as a fact. But this does not mean that such proof must be made by direct testimony. It is true in libel, as in prosecutions for murder in the first degree, that express malice may be proven by circumstances. While express malice, in its primary sense, implies personal ill will, still in libel, as in murder, the demands of the law in this regard may be met by proof of such wanton malevolence and reckless disregard of the rights of others as to include the party injured. McCoy v. State, 25 Tex. 33, 78 Am. Dec. 520; Bradstreet v. Gill, 72 Tex. 121, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768; 25 Cyc. 523.

The appellee and his wife were unknown to the agents of appellant, and the publication was not made at the request of any one; hence it follows that there was no actual malice in the sense of ill will, but we cannot say, as a matter of law, that the publication was not made with reckless disregard of the rights and feelings of appellee and his wife. This issue was properly submitted to the jury.

For the error pointed out in the sixth subdivision of this opinion, this case is reversed and remanded.

Reversed and remanded.