## EL PASO TIMES CO. v. EICKE. (No. 1967.)*

(Court of Civil Appeals of Texas. El Paso. Feb. 24, 1927. Rehearing Denied March 17, 1927.)

1. **Libel and slander** ⟐➡103—In "libel" action for newspaper statement that plaintiff was fined for vagrancy, evidence of bad reputation of woman whose name appeared with plaintiff's held admissible.

In action against newspaper for libel for article falsely indicating that plaintiff was fined for vagrancy, evidence that another who was fined for vagrancy and whose name appeared with

plaintiff's had general reputation as prostitute *held* admissible, since "libel" is printed defamation, tending to impeach virtue or reputation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Libel.]

2. **Libel and slander** ⟐➡103—General rules of evidence are applicable in libel actions.

General rules for admission of evidence in civil actions apply in actions for libel.

3. **Evidence** ⟐➡119(1)—In libel action for newspaper statement that plaintiff was fined for vagrancy, mental and physical pain and humiliation suffered by plaintiff when she saw article held admissible as res gestæ.

In action against newspaper for libel for article falsely indicating that plaintiff was fined for vagrancy, evidence as to mental and physical pain and humiliation suffered by plaintiff when she saw libelous article was not hearsay, but admissible as res gestæ, since mental pain and suffering is one of direct results of libel.

4. **Appeal and error** ⟐➡1050(1)—In libel action for newspaper statement that plaintiff was fined for vagrancy, admission of her testimony that she tried to be good, held harmless.

In action against newspaper for libel for article falsely indicating that plaintiff was fined for vagrancy, admission of plaintiff's testimony that she eventually expected to be married and have home, and tried to be as good as she could, if error, *held* not reversible.

5. **Appeal and error** ⟐➡1060(1)—Where sole issue in libel action was as to amount of damages, if any, argument that court had instructed verdict for plaintiff held not reversible error.

In action against newspaper for libel for article falsely indicating that plaintiff was fined for vagrancy, where only issue submitted was what sum would compensate plaintiff for damages suffered, if any, argument that court had instructed that plaintiff was entitled to verdict, though not commendable, *held* not reversible error.

6. **Libel and slander** ⟐➡123(2)—Where published article is libelous per se, question of its libelous character is not for jury.

Where published article is libelous per se, courts should not submit libelous character of publication to jury, but should instruct jury that publication is libelous as matter of law.

7. **Libel and slander** ⟐➡7(1)—False newspaper statement that plaintiff was fined for vagrancy held libelous per se.

Newspaper article, falsely indicating that unmarried woman, 20 years old, was fined for vagrancy, *held* libelous per se.

8. **Libel and slander** ⟐➡121(1)—$1,250 held not excessive for libel of unmarried woman by newspaper statement that she was fined for vagrancy.

$1,250 *held* not excessive for libel of unmarried woman, 20 years old, by newspaper statement that she had been fined for vagrancy, notwithstanding that newspaper made full and

*Writ of error dismissed for want of jurisdiction May 11, 1927.

complete correction, in view of compensatory damages for injury to plaintiff's feelings or reputation, mental and bodily pain, sense of shame and humiliation suffered.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Edith Eicke against the El Paso Times Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. W. Croom, of El Paso, for appellant.

Wallace, Knollenberg & Cameron, of El Paso, for appellee.

WALTHALL, J. Edith Eicke, appellee, an unmarried woman, 20 years old, by next friend, brought this suit against appellant, the El Paso Times Company, to recover damages which she alleges she sustained by reason of the publication by appellant of a libelous article in a newspaper known as the El Paso Times. Appellee alleged that appellant published and circulated a false and libelous article of and concerning her in its newspaper, the El Paso Times, of date November 3, 1925, substantially as follows:

"Justice Courts. R. B. Rawlings presiding. Cecilia Souflet, Edith Eicke, vagrancy: $1.00 and costs. Francisco Gonzales, Eduardo Sànchèz, Domingo Sandoval, Joe Chavez, drunk and disturbance: $1.00 and costs each."

She alleges that by the above publication appellant meant to say, and it was understood to mean, that she was convicted and fined for the offense of vagrancy as defined by the Texas criminal statutes; that all of the portion of said publication, "Cecilia Souflet, Edith Eicke, vagrancy, $1.00 and costs," greatly injured and damaged her, and brought her into ill repute among her friends and the citizens of El Paso, Tex., and caused her mental and physical suffering; that said Cecilia Souflet was at said time charged in said court with the offense of vagrancy, was in fact a vagrant and a person of ill repute, and of immoral character, and that by reason of said publication she was by the language of said publication coupled with, and made an associate and companion of, said Cecilia Souflet; that such was the understanding and interpretation of the reading of said libelous article by the general public.

It is alleged that appellant was guilty of gross negligence in not examining the record and ascertaining the truth of said charges; that by the exercise of ordinary care appellant could have ascertained that she had not been charged or convicted of vagrancy, but had been fined $1 for speeding. Appellee alleged that by reason of the facts alleged she has suffered damages in the sum of $15,000, for which she prayed judgment.

Appellant answered by special exception to that part of the petition which sought to couple Cecilia Souflet or her repuation with that of the charge of vagrancy against appellee; and by way of mitigation of any injury that might have been caused appellee by reason of said publication alleged that, as soon as appellant discovered said publication had been made, it printed on the first page of its newspaper a correction.

The case was submitted to a jury upon one issue, the amount of damages sustained by appellant. The jury assessed the damages at $2,000.

On appellant's motion for a new trial, $750 of the damage assessed was remitted, and judgment rendered for $1,250, to which appellant excepted and gave notice of appeal.

## Opinion.

[1, 2] There was no error in admitting proof that Cecilia Souflet, fined for vagrancy, had a general reputation as a prostitute, over objection that such evidence was irrelevant, immaterial, and prejudicial to the rights of appellant, and had no bearing on the case. As far as applicable to the facts alleged, a libel is defined by our statutes to be a defamation expressed in printing tending to impeach the virtue or reputation of any one. The petition alleged that appellee was by the language of said publication coupled with, and made an associate and companion of, Cecilia Souflet, and that such was the understanding and the interpretation of the reading of the libelous article by the general public. The evidence offered as to the general reputation of Cecilia Souflet bore some relation to the words of the publication, and in a measure the words of the article tended to connect appellee with her. The general rules for the admission of evidence in civil actions apply in actions for libel.

[3] Two witnesses, one an aunt of appellee, were permitted to testify, over objection that same were hearsay and prejudicial to the rights of appellant, as to how the libelous publication when first shown to appellee affected her; that she broke down, could not say anything; it hurt her feelings so bad; she (appellee) said, "It is terrible"; was ashamed to go out on the streets before the public; showed emotion; broke down crying; had to carry her home in an automobile; could not sleep that night for worry; sat there and cried; and other similar expressions used by the witnesses.

Appellee alleged that when she read the libelous publication charging her with vagrancy she was humiliated, became sick in body and mind, became hysterical, suffered mental pain, mortification, and disgrace, etc. The evidence complained of was not inadmissible as hearsay, but admissible as res gestæ of the mental and physical pain and humiliation suffered. Houston Chronicle Pub. Co. v. McDavid (Tex. Civ. App.) 157 S. W. 224. Mental pain and suffering on the part of the person defamed is one of the direct results of the publication of libel. San Antonio

Light Pub. Co. v. Levy, 52 Tex. Civ. App. 22, 113 S. W. 574; Zeliff v. Jennings, 61 Tex. 458.

[4] The court was not in error in hearing the evidence. It was not reversible error to permit the appellee to state, over objection, that she "expected, like other girls, in the course of events, when old enough, to be married and have a home of her own," and, "I try to be good so I can get a good man," as complained of in the third proposition.

[5-7] The court submitted only one issue to the jury, viz. What sum would reasonably compensate appellee for the damages, if any, suffered by her by reason of the publication of the article complained of? One of counsel for appellee in his argument stated to the jury that "the court had instructed them that plaintiff was entitled to a verdict," to which appellant objected for the reason that the statement was not based upon the pleadings, the evidence, or the instructions given.

Under the pleadings and the evidence submitted only one issue could properly have been submitted, and only one was submitted, and no other requested. It is true, as insisted by appellant, that the court had not directly instructed a verdict for appellee, but it is a well-settled rule in this state that, where a published article is libelous per se, as here, the court should not submit the libelous character of the publication to the jury, but should instruct the jury that the publication is libelous as a matter of law. James v. Fort Worth Teleg. Co. (Tex. Civ. App.) 117 S. W. 1028; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S. W. 874, 152 S. W. 167; Hatcher v. Range, 98 Tex. 85, 81 S. W. 289; Cotulla v. Kerr, 74 Tex. 89, 11 S. W. 1058, 15 Am. St. Rep. 819; Fessinger v. El Paso Times (Tex. Civ. App.) 154 S. W. 1171.

The issue submitted called for the statement of the damages sustained, if any. The jury had just heard the charge read, and had it with them in the jury room, and we do not see how they could have been influenced by the remark of counsel. The bill of exceptions states the court thought, in overruling the objection to the argument, that it "had no influence on the minds of the jury," and we cannot see how it could possibly have. The remark was on no issue submitted. We think the remark, while not commended, presents no reversible error. The question presented is not parallel or similar to any case to which we are referred.

[8] The jury assessed the damages at $2,-000, and the trial court caused a remittitur of $750 to be entered, and appellant insists here that the amount remaining is still excessive. We cannot say that it is. While, as specially pleaded by appellant, it made a full and complete correction of the erroneous statement complained of, saying in the correction publication that the libelous publication was incorrect, and due to error in copy-

ing the court record, and that appellee was not fined for vagrancy, nor charged with that offense, but was fined for speeding, the correction was pleaded in mitigation of exemplary or punitive damages only, and as stating the circumstances and intentions under which the libelous publication was made, and, while the charge of the court submitted only such damages as naturally, proximately and necessarily result from the publication complained of, there was to be considered compensatory damages, injury to appellee's feelings or reputation, mental and bodily pain, a sense of shame and humiliation suffered.

There is no rule which the jury, the trial court, or this court can apply to mathematically ascertain the sum or amount of the damage suffered. There is nothing in the record which appears to this court that the damages found and sustained were the result of passion or prejudice. The publication was admittedly false. It was libelous per se. It singled out the appellee, a young girl just entering into young womanhood, calling her by name, and charged her with conviction of vagrancy, and in connection with one shown by general reputation to be a vagrant. As said by the Commission of Appeals, Section B, speaking through Judge Powell, in Express Pub. Co. v. Lancaster, 285 S. W. 810:

"It is just as serious as it would be to shoot him with a gun or stab him with a knife. Great caution should be exercised in doing so."

The case is affirmed.