## GOODRICH v. REPORTER PUB. CO.
### No. 4481.

Court of Civil Appeals of Texas. El Paso.
Oct. 10, 1946.

Rehearing Denied Oct. 24, 1946.

R. L. Toll and J. H. Starley, both of Pecos, fór appellant.

T. J. McMahon and Dallas Scarborough, both of Abilene, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Reeves County. The plaintiff, Goodrich, sued defendant, Reporter Publishing Company, for libel. Defendant interposed a special exception to the petition, which was by the court sustained, and plaintiff declining to amend, the court ordered suit dismissed. The basis of plaintiff's action was an article published in the Abilene Reporter-News, a newspaper owned and published by defendant. This article was as follows:

"Knox Draft Board reclassifies 30

"Munday, June 9—(Spl)—Thirty

"Registrants were re-classified by the Knox County Local board this week.

"They included:

"Class 1–A: W. C. Dorsey and Glenn S. Riggins.

"Class 1–A (L): Douglas V. Hutcheson and Edward L. Hallmark.

"Class 1–C: William C. Goodrich

"PG 2 2—60 Pro-Nazi"

As to the following portion of such article that "Class 1–C: William C. Goodrich PG 2 2—60 Pro-Nazi it seemed did in fact constitute an accusation that plaintiff was a traitor to his country and was tantamount to accusing this plaintiff of being an agent of the enemies of the United States at a time when this country was at war with the Nazi or German Nation." The falsity of that portion of the article was alleged.

Defendant's special exception was in substance the allegation that a portion of the article was libelous per se was a conclusion of the pleader and no facts were alleged upon which to base the conclusion because there was no colloquium averred in said petition which connected the alleged defamation with plaintiff; further because the plaintiff's petition fails to consider the article as a whole because it affirmatively appears that said alleged defamatory words can not reasonably be applied to plaintiff.

Article 5430, Revised Statutes, 1925, defines a libel as follows:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of anyone, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

If the article complained of is a libel under the above definition and applied to plaintiff, then the trial court erred in sustaining the special exception and dismissing the suit. Guisti et al. v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874, 152 S.W. 167; Times Publishing Co. v. Ray, Tex.Civ.App., 1 S.W.2d 471, affirmed Tex. Com.App., 12 S.W.2d 165.

In arriving at the meaning conveyed by the writer the writing should be considered as a whole. The end sought is the meaning conveyed to the ordinary reader. Guisti v. Galveston Times 105 Tex. 497, 150 S.W. 874, 152 S.W. 167; Express Publishing Co. v. Keeran, Tex. Com.App., 284 S.W. 913; Skillern v. Brookshire, Tex.Civ.App., 58 S.W.2d 544.

We think judicial notice may be taken of the classification 1–C applied to plaintiff in the article. In substance it is that plaintiff was either a member of the armed forces of the United States or honorably discharged therefrom, a cadet at

West Point or Annapolis, and possibly having reference to other status reflecting no discredit on him. These symbols are provided for in directives issued in pursuance of the Selective Service Act, 50 U.S.C.A. Appendix, § 301 et seq. PG 2 2—60 preceding the word "Pro-Nazi" is apparently without meaning. This symbol, or whatever it is, conveys no meaning to the ordinary reader. Pro-Nazi has a definite meaning. A pro-Nazi was one who believed in and sympathized with a political party then in charge of the government of the state of Germany. With Germany this country was at war. A pro-Nazi then was one who favored Germany in the war over the United States. The Nazi party was waging a war which from the standpoint of an American citizen was in defiance of treaties, and waged with a brutality and ruthlessness never before known. The Nazi party, which was the government of Germany, with a brutality that shocked the world cruelly murdered thousands of noncombatants in Germany and in other countries occupied by its military force.

■ No doubt is entertained that to falsely assert in printing that a citizen of this or any other country on the face of the earth is a pro-Nazi is libelous per se. Herald News Co. v. Wilkinson, Tex.Civ. App., 239 S.W. 294; Article 5430, R.S. 1925.

■ This article deals with the reclassification by the draft board of Knox County of registrants for the draft. It, we think, fairly and reasonably conveys the meaning to the reader of ordinary intelligence that plaintiff was classified by his draft board as pro-Nazi. The letters "PG" and numerals "2 2—60" preceding "Pro-Nazi" are apparently without meaning. It reasonably appears from the article itself that it refers to plaintiff—at least no other construction reasonably appears. El Paso Times v. Eicke, Tex.Civ.App., 292 S.W. 594; Pridemore v. San Angelo Standard, Tex.Civ.App., 146 S.W.2d 1048.

We hold that the article as plead was libelous per se, and there can be no question that same referred to plaintiff.

It is ordered that the case be reversed and remanded for a new trial.