JOSEPH COTULLA v. JOHN A. KERR ET AL.

No. 6222.

1. **Libel—Charge of Court.**—When in a suit for libel it is manifest that no ambiguity exists in the language complained of it is the duty of the court to instruct the jury as to whether the terms used are libelous; if the language is ambiguous the court should define libel in the charge and leave the jury to determine whether the language was libelous.

2. **Same.**—When a libelous publication attacks one in office, if it relates to him personally and not officially, it is governed by the same rules that apply to libels against private persons; if it applies to him as an officer, then to make the language actionable *per se* the charge must be of such a nature that if true it would be cause for his removal from office.

3. **Same.**—A charge that a county commissioner was influenced in the discharge of an official duty by pecuniary considerations, or that he willfully sat as commissioner in judgment in a matter in which he was personally or pecuniarily interested, is libelous. Either charge, if true, would be cause for removing the commissioner for official misconduct.

4. **Libel.**—See opinion for causes published by the constituents of a county commissioner for asking his resignation held not libelous.

5. **Same.**—Certain citizens in a published address to the county commissioner asked him to resign his office for the following among other alleged causes: * * * "2. Because it is contrary to our system of laws that any man should sit in judgment or pass on any right, real or imaginary, wherein he may have a pecuniary interest. * * * Because your actions show you to be a commissioner for Joe Cotulla [the name of the commissioner] only, and not for Precinct No. 1. For many reasons satisfactory to us, among which are the above, you are respectfully urged and earnestly requested to resign." *Held*, the publication was libelous and the court should have so instructed the jury; and each and every one who signed the paper knowing that the purpose was to print it, or who signed and delivered it to another without knowing that it would be printed, would be guilty of circulating and signing a libelous paper.

6. **Publication.**—Signing a libelous paper when it is being carried around to procure signatures, and delivering it when signed to another, is in itself a publication of it before it is printed if no protest against it being printed is made by the signer. Under such circumstances it is no defense for the signer to say that he did not intend or direct its publication.

7.  **Libel—Damages.**—One who signs and publishes a libel against a public officer is liable in a civil action for at least nominal damages unless he justifies by showing its truth; he is also liable for damages proximately resulting from the publication, but not for loss of financial credit, the expense of borrowing money, or other injuries having no connection with official character.  Exemplary damages may be awarded when malice instigated the publication, and this may be inferred from the absence of probable cause.

8.  **Libel.**—It is no defense to a suit for libel that the defendant signed and published the same having reasonable and probable grounds to believe its truth.

9.  **Same—Charge of Court.**—See opinion for irrelevant matter connected with libel which should have been excluded from the consideration of the jury.

APPEAL from Frio.   Tried below before Hon. D. P. Marr.
The opinion states the case.

*Thompson & Gates,* for appellant. — 1.   The court erred in overruling plaintiff's general and special exceptions to defendants' first amended original answer.

The article complained of is in form a petition to plaintiff to resign the office of county commissioner of Precinct No. 1, La Salle County, Texas, and was published and printed in the Cotulla *Ledger,* a weekly newspaper published at Cotulla, Texas, and was neither presented or mailed to plaintiff, and the first knowledge he had of its existence was derived from its publication in said paper.   Holt v. Parsons, 23 Texas, 21; King v. Root, 4 Wend., 113; Commonwealth v. Blanding, 3 Pick., 304; Hart v. Reed, 1 B. Mon., 166; Riggs v. Denniston, 2 Am. Dec., 145, 148; Gilbert v. The People, 1 Denio, 41; Towns. on Sl. and Lib., 420.

2.   The court erred in instructing the jury that "it is for the jury to decide under the evidence what the alleged libelous statements really mean, or how it was calculated from its terms to be understood by those who might have been supposed to see or read it."  Zeliff v. Jennings, 61 Texas, 466, 467; Vanveehten v. Hopkins, 4 Am. Dec., 341, 342, note p. 351; Towns. on Sl. and Lib., 3 ed., pp. 526–8.

3.   The article set out in plaintiff's petition is libelous *per se,* and the court should have so instructed the jury.   Const., art. 1, secs. 8, 13; Penal Code, arts. 616–18 *et seq.;* Penal Code, arts. 275–77; Rev. Stats., arts. 3390–93; Holt v. Parsons, 23 Texas, 9; Express Printing Co. v. Copeland, 64 Texas, 354; Belo v. Wren, 63 Texas, 686; The State v. Burnham, 9 N. H., 34; Riggs v. Denniston, 3 Johns. Cases, 198; Fauville v. McNease, 1 Dud. S. C., 303; Rice v. Simmons, 2 Harr. (Del.), 417; McMillen v. Birch, 1 Binn., 178; King v. Root, 4 Wend., 113; Obaugh v. Finn, 4 Ark., 110; Watson v. Trask, 6 Ohio St., 531; Commonwealth v. Blanding, 3 Pick., 304; Thomas v. Croswell, 7 Johns. Cases, 264; Stowe v. Converse, 3 Conn., 325; Birch v. Nicherson, 17 Johns, 217; Chaddock v. Briggs, 13 Mass., 248; Robbins v. Treadway, 2 J. J. Marsh., 540; Towns.

on Lib. and Sl., 3 ed., secs. 176, 177; Cool. Const. Lim., p. 528, *et seq.;* Cool. on Torts., pp. 205–7, *et seq.*

4.   Special charge No. 2, given by the court with a qualification, is erroneous and misleading and does not embody the law.   It charges in effect that probable cause and want of malice constitute a complete defense, while the law requires that the defendants should go further and show that the publication was justified by the occasion, otherwise the fact of the plaintiff being an officer would not exempt the publisher whether the matter was true or false,   Express Printing Co. v. Copeland, 64 Texas, 359; Holt v. Parsons, 23 Texas, 21; Towns. on Sl. and Lib., sec. 216 and note.

5.   The verdict of the jury is contrary to the law and the evidence. Const., art. 1, secs. 8, 13, 17; Holt v. Parsons, 23 Texas, 21; Express Printing Co. v. Copeland, 64 Texas, 359.

No brief on file for appellees.

HENRY, ASSOCIATE JUSTICE.—Appellant instituted this suit to recover for the publication of a libel reading as follows:

"THE STATE OF TEXAS, COUNTY OF LA SALLE.—*To Joseph Cotulla, County Commissioner of Precinct No. 1, La Salle County:*

"SIR—We the undersigned taxpayers of Precinct No. 1, whom you were elected to represent, do most earnestly petition that you resign the office of commissioner, and for reason of said request would respectfully submit:

"1.   That your action in reference to public roads is not in accord with our views of what is to the best interest of our precinct.   In consequence of which your said action instead of meeting the approval and approbation of us, the people you pretend to represent, meets the universal and just condemnation that your short-sighted conduct so richly deserves.

"2.   Because it is contrary to our system of laws that any man should sit in judgment or pass upon any right, real or imaginary, wherein he may have a pecuniary interest.

"3.   Because we have wholly lost confidence in your ability or disposition to represent our wishes, and because we are not willing as taxpayers to pay you the enormous sum of $10,000 for the privilege of using for a road a piece of land thirty feet wide by one and three-quarters miles long running through your pasture, when a jury of your neighbors have fixed the damages at $50.

"4.   Because you have declared an intention to sue the county for said $10,000 damages for a wrong which has no existence (as we consider) save in your distorted imagination.

"5.   Because we being a part of the people constituting the county

and responsible to a certain extent for the acts of the Commissioners Court prefer no representation to misrepresentation.

"6.    Because your actions show you to be a commissioner for Joe Cotulla only and not for Precinct No. 1.    For many reasons satisfactory to us, among which are the above, you are respectfully urged and earnestly requested to resign."

Attached are the signatures of defendants.

Plaintiff held the office of county commissioner of precinct number one in La Salle County.

The petition charges that the writing was false and defamatory and imputed and was intended to convey the meaning that plaintiff had violated his official oath; had corruptly and dishonestly disregarded his obligations as a public officer; had used his official position to further his individual private and pecuniary interests, and had sat in judgment as one of the county commissioners of La Salle County in matters in which he had a pecuniary interest, thereby subjecting plaintiff to the ridicule and contempt of all good people; that defendants maliciously circulated the said libel, and published it in the Cotulla *Ledger*, a newspaper published in said County of La Salle, and also circulated the same from hand to hand, and exhibited it to divers and sundry persons; that the publication of the libel had caused numerous persons with whom plaintiff had previously conducted large business transactions involving large sums of money to lose confidence in his honesty and integrity, and caused them to refuse to have further business intercourse with him to his great damage, and that he had been otherwise greatly degraded, damaged, and injured.

The defendants answered by plea of not guilty, and specially in substance that the town of Cotulla was originally located upon land belonging to plaintiff, and was settled at his solicitation by defendants, who engaged in the various branches of business conducted in a town, and invested their means in such business and in the town property; that a road running from the town through plaintiff's land had been used for all purposes of travel and trade, and was essential and necessary for the convenience and prosperity of the town; that in 1883 plaintiff constructed a fence along the boundary of the town across said road, but placed gates at the points at which the fence intersected the road, through which the public continued a while longer to make use of the road as before; that in August, 1885, plaintiff closed and locked said gates and forbade and prevented the further use of the road by defendants or the public, thereby stopping the United States mail and interfering with the trade of defendants, who were mostly merchants, and the other inhabitants of the town of Cotulla and of precinct number one of La Salle County; that in this condition of things the County Commissioners Court ordered a review for the purpose of opening a road over plaintiff's said land, and such road was

reviewed and declared a public highway, and plaintiff's damages assessed at fifty dollars, which amount was placed subject to his order; that plaintiff was at the time a member of said court for said precinct, and his constituents had a right to expect him to either resign his office or represent them in opening up this road, but he failed and refused to do either, and, instead, he appeared before the said court and asserted a claim for ten thousand dollars damages against the county for opening the road, and threatened that if his claim was not approved he would enforce its payment through the courts of the country—the claim being excessive, unconscionable, and unjust.

The plaintiff specially excepted to the sufficiency of the foregoing allegations, and assigns as error the overruling of his exception.

Defendants further pleaded in justification that they signed said writing because plaintiff, being a member of said County Commissioners Court, presented to said court his said claim for damages contrary to the interests of all the citizens of La Salle County, the claim not being such as the law permitted a member of said court to prefer against the county or to be interested in, by reason of all which they exercised only their constitutional privilege of requesting plaintiff as a member of said court to resign; that defendants when signing said writing intended that it should be handed to plaintiff in person, and its publication in the Cotulla *Ledger* was without their knowledge and against their wishes. Defendants aver that they had reasonable and probable ground to believe, and did believe and still believe, that the facts set forth in said writing were true, and they signed the same without ill will toward plaintiff for the purpose of having him resign said office, and they charge "that it is true that plaintiff while county commissioner sat in judgment upon his own claim against the county of La Salle."

In so far as these pleadings set up the truth of the charge that plaintiff acted as county commissioner in a proceeding in which he had a personal interest the exceptions were properly overruled. The exceptions to other matters contained in said pleadings, and particularly so much as are referred to in appellant's sixth assignment of error, should have been sustained.

It is complained that the court left the jury to decide what the alleged libelous statements really mean or how the publication was calculated to be understood by those who might see it, instead of instructing them that the publication was libelous *per se*, and that they must find for plaintiff at least nominal damages.

In the absence of doubt or ambiguity growing out of the language used in the publication we understand it to be the duty of the court to determine and instruct the jury whether or not it is libelous, but where there is uncertainty or doubt it is the duty of the court to give the jury a definition of what is a libel, and leave it for the jury to say whether the

offense has been proved.   4 Wait's Act. and Def., 292;  Pettock v. O'Neill, 63 Pa. St., 253.

The general rule is stated to be that it is libelous *per se* to impute to a person in his official character incapacity, or any kind of fraud, dishonesty, or misconduct, if it be shown that the publication had reference to the office.   So it has been held that imputing to an officer in his official character a want of integrity and charging that he had been induced to act in his official capacity by a pecuniary or valuable consideration is prima facie libelous.   4 Wait, 285.

When the publication admits of no just interpretation except one which is injurious its meaning is to be determined by the court.   Towns. on Sl. and Lib., 528.

When a libelous publication relates to a person in office it may affect him in his personal or official character.   If it relates to him personally alone it is governed by the same rules that apply to an individual.   If it applies to him as an officer the better opinion seems to be that to make it actionable *per se* the charge must be of such a nature that if true it would be cause for his removal from office.   Id., 211, 212;  Robbins v. Treadway, 2 J. J. Marsh., 540.

We think, under our statutes, a county commissioner who in the discharge of the duties of his office is influenced by a pecuniary consideration, or who willfully sits in judgment in a matter in which he is personally and privately pecuniarily interested, thereby renders himself liable to be removed from office for official misconduct.

We do not think the publication on which this suit is founded contains any libelous matter unless it is found in the second and sixth paragraphs. These two paragraphs taken together are not of such doubtful or uncertain meaning as to require their submission to a jury to ascertain whether or not they are libelous.

We think it clear that they were intended to be understood as charging that plaintiff in his official character had been improperly and corruptly influenced by pecuniary considerations, and had willfully acted and voted as a county commissioner when his private interests were involved, and had represented his own interest instead of discharging his duty to the public.

It was the duty of the court to charge that the publication was libelous, instead·of leaving that fact for the jury to find from the evidence.

Whether a publication is privileged or not is a question of law for the court, and in this case the judge should have instructed the jury that the publication in question was not privileged.

Whether or not defendants were guilty of circulating and publishing the libel, and whether they acted maliciously, were questions for the jury under proper instructions.

Plaintiff's petition charges that it was published in a newspaper and

circulated from hand to hand, and as there was evidence on that issue it was proper for the court to charge that each and every defendant who signed the paper knowing it was intended to be printed, or who signed it and delivered it to another without knowing it would be printed, would be guilty of circulating it. Signing a libelous paper when it is being carried around to procure signatures, and delivering it when signed to the carrier or another person, is itself a publication of it before it is printed; and if no protest or direction against its being printed is made by the signer and it is afterwards printed by the person to whom it is delivered, or by such person's authority, it is no defense for the signer to say that he did not intend or direct its publication.

There can be but one lawful defense made in this case if plaintiff shall establish (as he must do before he can recover any damages) that defendants signed and published the libel, and that is, that it is true. What must be shown to be true is that plaintiff as a county commissioner did sit in judgment in a matter wherein he had a pecuniary interest, and did willfully act and decide in favor of his personal interest instead of in accordance with his duty to the public.

If defendants, or any of them, are shown by the evidence to have signed and published the libel, and do not so justify themselves by proving its truth, they are liable, and the jury should be instructed to return against them a verdict for at least nominal damages, and for such further actual damages as the evidence may show to be the proximate result from the publication, but not for remote or speculative damages, such as the loss of financial credit, the expense of borrowing money, or other things having no connection with his official character.

The jury should be instructed that they may, in addition to actual, assess against defendants exemplary damages if they find plaintiff entitled to recover, and find further that defendants in making the publication were actuated by malice, and that they may infer the existence of malice from absence of probable cause for making the publication, or upon evidence of express malice.

The existence of probable cause must be confined in this case to reasonable grounds for believing that plaintiff did sit, as above explained, in judgment in some matter in which he had a pecuniary interest, and acted in behalf of that interest instead of with reference to the discharge of his public duties.

At the request of defendants the court gave the following charge:

"If you believe from the evidence that defendants were residents of Precinct No. 1, La Salle County, and that the plaintiff was the duly elected and qualified county commissioner of Precinct No. 1 of said county, and that a public road was necessary leading west to Zavala and Dimmit counties over the adjoining land of plaintiff, and that they had reasonable and probable grounds to believe that the petition described as a

libel in this case was true and that they signed the same without any malice whatever towards the plaintiff, and that the same was published in the Cotulla *Ledger* without the knowledge or consent and against the wishes of all the defendants (except Bowen), then and in that case you are instructed that you find in favor of the defendants (except Bowen) and against the plaintiff."

Given with the following qualifications as to the law:

"1. That whether the plaintiff consented or not to the opening of the road or roads would afford no justification or excuse for the defendants to publish a libel on the plaintiff, as explained in the general charge of the court, if they did do this.

"2. To constitute probable cause for believing the charges true it must be shown that the defendants made due inquiries and used proper diligence to ascertain the truth or falsity of the statement as well as the purpose for which it was intended to be used—that is, such diligence or inquiries as an ordinarily prudent man would have used in his own business affairs under like circumstances.

"3. If therefore any of the defendants recklessly signed or circulated the libel, or if they saw its publication in the Cotulla *Ledger* and were made aware of its contents and publication and thereupon failed to publish a retraction of the same, then such defendants would be responsible for its publication or circulation."

The charge as requested contains matter that furnishes no defense and was improperly given either with or without the qualifications added by the court.

In some other particulars the charge contains correct abstract propositions, but they not being applicable to the proof or supported by any evidence should not be given to the jury.

In whatever manner such matters as the necessity for a public road over plaintiff's land, or his suing or threatening to institute or prosecute a suit against the county for damages, present themselves in the progress of this cause, they should be eliminated, as they can have no tendency toward a correct solution of the questions properly in issue.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered May 21, 1889.