GUISTI et al. v. GALVESTON TRIBUNE.

(Supreme Court of Texas.    Dec. 23, 1912.)

1. APPEAL AND ERROR (§ 1094*)—DETERMINATION OF FACTS BY SUPREME COURT.

The Supreme Court on writ of error to review a judgment of the Court of Civil Appeals has no power to determine facts, but may determine, as a question of law, whether there is sufficient evidence, or any evidence, to establish the cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4322–4352; Dec. Dig. § 1094.*]

2. APPEAL AND ERROR (§ 1178*)—DETERMINATION OF FACTS BY SUPREME COURT.

Where the Court of Civil Appeals reverses a judgment and renders judgment for insufficiency of the evidence in law to justify a recovery, the Supreme Court, reversing the ruling because in its opinion the evidence supports the recovery, will remand the cause for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

3. APPEAL AND ERROR (§ 1175*)—DETERMINATION OF FACTS BY SUPREME COURT.

Where the Court of Civil Appeals finds the allegations and evidence of plaintiff in an action for libel true and undisputed, but insufficient to sustain a charge of libel, and on such

finding reverses the judgment of the trial court for plaintiff and renders judgment, the Supreme Court, being of opinion that the evidence found by the Court of Civil Appeals to be undisputed sustains the judgment of the trial court, must reverse the Court of Civil Appeals and render judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

On motion for rehearing. Overruled.
For former opinion, see 150 S. W. 874.

DIBRELL, J. The court has given the motion for rehearing and argument of learned counsel in this case a careful reading and consideration, but conclude that no sufficient reason has been shown why the disposition made of the case at a former day of this court should not be adhered to. It is urged with great insistence that this court in affirming the judgment of the trial court acted without jurisdiction, inasmuch as there must have been a finding of fact by this court in reaching its conclusion.

[1] It has been repeatedly held by the Supreme Court that it has no power to determine facts, but while it has been thus repeatedly held it has been as often held that the question as to whether there is sufficient evidence or whether there is any evidence to establish a cause of action is a question of law of which this court has cognizance.

[2] When the Court of Civil Appeals reverses and renders a cause on account of the insufficiency of the evidence in law to justify a recovery, the Supreme Court, reversing such ruling because in its opinion the evidence is sufficient to support the recovery below, will remand the cause for a new trial. Pollock v. H. & T. C. Ry. Co., 103 Tex. 70, 123 S. W. 408. This must necessarily be the rule, for in such cases there is undetermined an issue of fact.

[3] But when, as in the case at bar, the Court of Civil Appeals in effect and in fact finds all the allegations and evidence of plaintiff as true and undisputed and upon such finding reverses and renders the judgment, the question is one purely of law, and when this court is of the opinion that the evidence thus found by the Court of Civil Appeals to be undisputed is sufficient to sustain the judgment of the trial court, it is our duty to reverse and render the judgment. We do not find the facts or any fact in such case, but simply determine the law upon the undisputed facts as found by the Court of Civil Appeals.

The motion for rehearing is therefore overruled.