## SOUTHERN PUB. CO. v. FOSTER.

### No. 1597—5980.

Commission of Appeals of Texas, Section A. Nov. 9, 1932.

Sleeper, Boynton & Kendall, of Waco, for plaintiff in error.

W. R. Poage and Joseph W. Hale, both of Waco, for defendant in error.

SHARP, J.

This is a suit for libel. W. S. Foster sued the Southern Publishing Company for damages growing out of the publication of a matter connecting him with a suit filed in the district court of McLennan county. The case was submitted to the jury upon special issues and based upon the findings of the jury to the special issues a judgment was entered in favor of plaintiff in the sum of $2,500. The Court of Civil Appeals affirmed the judgment of the trial court. 36 S.W.(2d) 231.

At the conclusion of the evidence, plaintiff in error requested the court to instruct the jury peremptorily to return a verdict in its favor. This request was denied.

Plaintiff in error contends that the defendant in error has no just basis for an action for damages because the matter published was not libelous, and therefore no recovery could be allowed therefor. Wade H. Nesbitt, as plaintiff, filed a suit in the Nineteenth district court of McLennan county against the Central Texas Publishing Company et al. for damages in the sum of $10,800. The pertinent parts of the original petition filed in that suit read as follows:

"Now comes Wade H. Nesbitt, who resides in Bosque County, Texas, hereinafter called plaintiff, and filed this the First Count of his original petition, complaining of Central Texas Publishing Company, a corporation with its domicile in Waco, McLennan County, Texas, of which W. S. Foster, who resides in McLennan County, Texas, is President, upon whom service of citation may be had herein, H. W. Bleam, who resides in Tarrant County, Texas, T. D. Walling, who resides in Bell County, A. J. Hubbard, who resides in McLennan County, and Sanger Motor Company, a corporation of which Asher Sanger is President, upon whom service of citation may be had, hereinafter styled defendants, and for cause of action, plaintiff respectfully represents to the Court: * * *

"Wherefore, plaintiff sues and prays the Court that the defendants each be cited in terms of law to appear and answer this petition, and that upon final hearing hereof, he have judgment against the defendants jointly and severally for his said damages in the sum of Ten Thousand Eight Hundred and No/100 ($10,800.00) Dollars in event he is not permitted to recover on his cause of action set forth in the first count hereof, and for such other and further relief, general and special, legal and equitable as to the Court may seem necessary and proper."

The reporter for plaintiff in error which printed and circulated the Waco Times Herald, a newspaper in McLennan county, seeing the petition filed in the case of Nesbitt v. Central Texas Publishing Co. et al., in the district court of McLennan county, prepared for his paper for publication a report thereof, which is the basis for defendant in error's recovery in this suit. The alleged libelous statement published in the paper on January 29, 1929, with respect to the above suit, reads as follows:

"Damage Suit Filed vs. Waco American

"Circulation Contest Drawn Into Courts

"A suit against the Central Texas Publishing Company et al. growing out of a circulation contest recently sponsored by the Waco American, a daily newspaper published by that company was filed this morning in the 19th District Court by Wade H. Nesbitt, a contestant. Those named in the suit are W. H. Bleam, W. S. Foster, T. D. Walling, F. L. Dennison, A. J. Hubbard and the Sanger Motor Company. Nesbitt asks judgment against the defendants jointly and severally for alleged damages."

The gist of defendant in error's contention is that, inasmuch as he was described in the petition filed by Nesbitt as being the president of the Central Texas Publishing Company, a corporation, upon whom service could be had for the company, and was not sued personally as one of the defendants; that a report of the suit as published stated that those named in the suit were H. W. Bleam, W. S. Foster, and others; that Nesbitt asked for judgment against the defendants jointly and severally for alleged damages; and that when this publication is considered in connection with other matters previously published relating to the actions of W. H. Bleam, one of the defendants—it constitutes a foundation for an action for libel.

The sole question for decision in this case is this: Is the foregoing publication libelous, and can a recovery for damages be permitted to rest thereon? In 1901 the Legislature of this state announced the rule with respect as to what would constitute libel by the enactment of article 5430, R. S. 1925, which reads: "A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

The Legislature has seen fit to amend the law pertaining to privileged matters that shall not be made the basis of any action for libel without proof of actual malice. In 1927,

the Fortieth Legislature (chapter 80, § 2) amended the law and enacted what is now article 5432, Vernon's Annotated Revised Civil Statutes of the state of Texas, which in part reads as follows:

"The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel.

"1. A fair, true and impartial account of the proceedings in a court of justice, unless the court prohibits the publication of same when in the judgment of the court the ends of justice demand that the same should not be published and the court so orders, or any other official proceedings authorized by law in the administration of the law."

The rule is established that, when the language used in the publication is ambiguous so that extrinsic evidence is needed to determine its character as to its being actionable or not actionable, if a jury is demanded to try the cause, it is the duty of the court to submit to the jury, under proper instructions, the issue as to whether or not the language used is libelous. If the publication standing alone is clearly libelous, it is the duty of the court to instruct the jury accordingly. Cotulla v. Kerr, 74 Tex. 89, 11 S. W. 1058, 15 Am. St. Rep. 819; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S. W. 874, 152 S. W. 167; Newell, Slander & Libel (4th Ed.) pp. 278, 294, §§ 239, 254.

On the other hand, if the language used in the matter published is clear and unambiguous and manifestly wanting in a defamatory meaning and shows on its face that it is not libelous, it is the duty of the court to so construe the language. In determining the question whether the publication was libelous or not, the words used in the publication must be construed as a whole, giving to all the words contained therein their ordinary meaning as read and construed by persons of ordinary intelligence. Express Publishing Co. v. Keeran (Tex. Com. App.) 284 S. W. 913; Cranfill v. Hayden, 97 Tex. 544, 80 S. W. 609; Cotulla v. Kerr, supra; Guisti v. Galveston Tribune, supra; Moore v. Leverett (Tex. Com. App.) 52 S.W.(2d) 252; Newell, Slander and Libel (4th Ed.) p. 291.

In Newell, Slander and Libel (4th Ed.) p. 291, the rule is announced in the following language: "Where the words can bear but one meaning, and that is obviously not defamatory, no innuendo or other allegation in the pleadings can make them so, and no action lies. No parol evidence is admissible to explain the meaning of ordinary English words, in the absence of special circumstances showing that the words do not bear their usual signification. 'It is not right to say that a judge is to affect not to know what everybody else knows—the ordinary use of the English language.'"

In the light of the foregoing rules, the court must determine if there is any evidence to support the judgment. When the above article is read and construed in the sense that ordinary readers would understand it, and this is made the test, we think it must be held that the language used in the publication complained of, when construed as a whole, constitutes no basis for an action for libel. This being true, the trial court should have instructed the jury to return a verdict for plaintiff in error.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and that judgment be entered herein in favor of plaintiff in error.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error.