## DEEN v. SNYDER.
### No. 12742.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1932.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

A. H. Britain, of Wichita Falls, and E. A. Rice, of Cleburne, for appellee.

DUNKLIN, Justice.

C. C. Deen has prosecuted this appeal from a judgment sustaining a general demurrer to a petition filed in his suit against George P. Snyder.

The suit was to recover damages for libel alleged to have been committed by the defendant by the publication of certain advertisements in the Wichita Daily Times, a newspaper published in the city of Wichita Falls, which followed certain advertisements in the same paper by the plaintiff. Those advertisements with the respective dates of their publication were as follows:

Advertisement by plaintiff, dated January 4, 1931:

"Now in Wichita Falls
"Dr. C. C. Deen of Glen Rose, Texas

"Let this famous Magnetic Masseur give you relief. Dr. C. C. Deen, Magnetic Masseur, formerly associated with the Geo. P. Snyder Sanitarium of Glen Rose, Texas, will be in Wichita Falls for a few weeks beginning Monday, January 5, and will be located at the Holt Hotel, Room 219.

"Dr. Deen treats all manner of chronic diseases successfully without the use of drugs or the knife. He invites your investigation of his method of treatment. C. C. Deen is the first doctor from the George P. Snyder Sanitarium of Glen Rose, Texas, ever to be in Wichita Falls.

"Consultation Free

"Room 219, Waiting room on second floor. Phone 21162."

Advertisement by defendant of date January 26, 1931:

"Geo. P. Snyder Sanitarium of Glen Rose, Texas, has no representative in Wichita Falls or any other place. Any advertisement using the name of George P. Snyder Sanitarium is unwarranted and without authority.

"Geo. P. Snyder."

Advertisement by plaintiff published August 2, 1931:

"Back in Wichita Falls

"Dr. C. C. Deen of Glen Rose, Texas.

"Let this famous Magnetic Masseur give you relief. Dr. C. C. Deen, Magnetic Masseur, formerly of the Snyder Sanitarium of Glen Rose, Texas, has returned to Wichita Falls and will begin treating Monday, August 3, Dr. Deen specializes in Chronic and nervous disorders.

"Consultation Free

"Office Holt Hotel, Room 208, Waiting Room on second floor, Phone 21162. Residence 1662 Ardath. Phone 21682."

Advertisement by plaintiff published August 16, 1931:

"For Health's Sake

"Dr. C. C. Deen, Magnetic Masseur from Glen Rose, Texas. Your health is your most precious asset. Guard it carefully.

"Dr. Deen has a most unusually effective scientific treatment and has given relief in hundreds of cases after others have failed.

"Consultation Free

"Office Holt Hotel, Phone 21162. Residence 1662 Ardath St., Phone 21682."

Advertisement by defendant of date August 16, 1932:

"A Correction

"My attention has been called to an advertisement appearing in your paper. The fact that our institution has made thousands of friends among its patients does not authorize anyone to solicit patronage based on the reputation of our institution, and no one has been, or is authorized so to do.

"Geo. P. Snyder Sanitarium,
Glen Rose, Texas."

According to allegations in plaintiff's petition, the designation of himself in his advertisements as a doctor was unauthorized by him and was inserted by the advertising representative of the newspaper through a misunderstanding; but in all other respects the statements in the advertisements were true.

It was further alleged that the purpose of the first advertisement published by defendant, of date January 26, 1931, was to destroy plaintiff's opportunity to practice his profession in and around Wichita Falls and injure plaintiff's reputation as a practitioner and his good character and standing as a citizen, and to humiliate him and injure his credit; and that the same did place plaintiff in the attitude of being a deceiver and faker who would attempt without authority to use the defendant's name for the purpose of gaining patronage therefrom.

The same innuendos were pleaded with respect to the second advertisement published by defendant on August 16, 1931, with further allegations that the advertisements published by plaintiff were true, while the statements in those published by defendant were untrue, and by reason thereof plaintiff has suffered a loss of practice from persons residing in Wichita Falls who otherwise would have been his patrons, and also personal humiliation and injury to his reputation as a citizen and practitioner; for all of which he prayed for damages in the sum of $2,500 for injury to his practice, and for the same amount for injury to his reputation as a man.

Plaintiff has prosecuted this appeal from a judgment of the trial court sustaining a general demurrer to his petition and dismissing his suit after he had declined to amend.

Article 5430, Rev. Statutes, reads as follows: "A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

In Funk & Wagnalls New Standard Dictionary the word "defame" is defined as follows: "To injure or endeavor to injure the good name or reputation of, by speaking or publishing evil or false reports concerning; calumniate; slander; libel; to bring disrepute upon; disgrace; dishonor, to charge, indict, especially to accuse falsely."

■ For other definitions to the same effect, see Webster's New International Dictionary and 1 Words and Phrases, Second Series, page 1263. Since the term "libel" is fully defined in the statutes, no other definition can be considered in arriving at a conclusion as to whether a publication constitutes libel. Times Pub. Co. v. Ray (Tex. Civ. App.) 1 S. W.(2d) 471.

■ Whether or not the advertisements published by the defendant were libelous per se is to be determined by the test announced by Chief Justice Gaines in Belo & Co. v. Smith, 91 Tex. 221, 42 S. W. 850, 851, as follows: "The question is: What effect would the publication have upon the mind of the ordinary reader? What construction would he have put upon it? For in defamatory language, it is not so much the idea which the speaker or writer intends to convey, as what he does in fact convey. It is the effect upon the character of the person alleged to be defamed by the utterance which the law considers, and therefore the utterer uses the language at his peril."

■ There is a further rule that the language charged to be libelous must be construed in

the light of accompanying statements in the article, and must be interpreted in the sense that the ordinary reader would understand them. Express Pub. Co. v. Keeran, 284 S. W. 913, by the Commission of Appeals.

■ In Houston Chronicle Pub. Co. v. Thomas (Tex. Civ. App.) 262 S. W. 243, 246, it is said: "The law is well settled that unless the language used is reasonably susceptible of a defamatory meaning it cannot form the basis of a charge of libel."

■■ It is a further rule that it is the province of the court to determine whether or not language charged to be libelous is ambiguous or unambiguous; if unambiguous, whether or not it is libelous per se; and if ambiguous, whether or not by reason of the ambiguity evidence is admissible to establish a meaning by innuendo which would be libelous. If the language is unambiguous and is not on its face libelous, then it is the duty of the court to instruct a verdict for the defendant. Guisti v. Galveston Tribune, 105 Tex. 497, 150 S. W. 874, 152 S. W. 167; Webster v. Nunn (Tex. Civ. App.) 248 S. W. 711; Caylor v. Nunn (Tex. Civ. App.) 235 S. W. 264; A. H. Belo & Co. v. Looney (Tex. Civ. App.) 246 S. W. 762; Express Pub. Co. v. Isensee (Tex. Civ. App.) 286 S. W. 926; Moore v. Leverett (Tex. Civ. App.) 33 S.W.(2d) 838.

■ A further rule is that a publication which is not actionable per se cannot be made so by an innuendo. Enterprise Co. v. Wheat (Tex. Civ. App.) 290 S. W. 212, and decisions there cited; Express Pub. Co. v. Wilkins (Tex. Civ. App.) 218 S. W. 616; 17 R. C. L., p. 396, § 151; Blum v. Kusenberger (Tex. Civ. App.) 158 S. W. 779.

■ Tested by the foregoing rules of construction, we have reached the conclusion that there is no ambiguity in the advertisements inserted in the newspaper by the defendant, and that the same are not libelous per se. Both publications made by defendant were plain and unambiguous statements, and no one could reasonably impute to those publications any other meaning, when read in the light of prior advertisements by the plaintiff, than that he was not a representative of defendant, and that he was not authorized by defendant to solicit patronage upon the reputation of defendant's sanitarium maintained at Glen Rose.

■ And since it appeared from plaintiff's petition that the defendant's sanitarium had an established valuable patronage at Glen Rose, we believe the advertisements by plaintiff were of such a character as to provoke the advertisements made by defendant with reference thereto, and which the defendant had the legal right to make in the protection of his established business, which was a property right. Moore v. Leverett (Tex. Civ. App.) 33 S.W.(2d) 838; Brooks v. Heartfield (Tex. Civ. App.) 2 S.W.(2d) 510; Humphreys

Homeopathic Med. Co. v. Bell, 15 Daly, 6, 2 N. Y. S. 50.

■■ By article 739, Revised Criminal Statutes of Texas (Penal Code 1925) as the same read at the time of the publication of plaintiff's first advertisement in the Wichita Falls newspaper, it is provided that no person shall practice medicine in any of its branches upon any human being within the limits of this state who has not registered in the district clerk's office of the county in which he resides lawful authority to so practice medicine, together with an affidavit by him showing, among other things, that he holds a license to so practice, and that he is the identical person shown in the license; the article further providing that the holder of the license must have the same recorded upon each change of residence to another county, and to make the same affidavit.

That article of the statutes was amended by the Acts of the Forty-Second Legislature, c. 49, page 75, § 3 (Vernon's Ann. P. C. art. 739), which became effective April 13, 1931, prior to the dates of the two last advertisements published by plaintiff himself, so as to require that the license to practice must be issued by the Texas board of medical examiners, and that the license must be recorded, and the same showing made in each and every county in which the practitioner may maintain an office or may designate a place for meeting, advising with, treating in any manner, or prescribing for patients.

Article 740 of the same statutes provides that the provisions of that chapter shall not apply to certain individuals, including the following: "Masseurs in their particular sphere of labor who publicly represent themselves as such."

Article 741 of the same chapter reads as follows:

" 'Practicing medicine'

"Any person shall be regarded as practicing medicine within the meaning of this chapter:

"1. Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof.

"2. Who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

Article 742 reads: "Any person practicing medicine in this State in violation of the preceding articles of this chapter shall be fined not less than fifty nor more than five hundred dollars, and be imprisoned in jail not exceeding six months. Each day of such violation shall be a separate offense."

In Newman v. State, 58 Tex. Cr. R. 223, 124 S. W. 956, the Court of Criminal Appeals sustained the conviction for unlawfully practicing medicine within the meaning of article 741 who advertised as follows:

"Prof. J. M. Newman, The Masseur Doctor

"Has Located in Boerne at the Boerne Hotel Room No. 21 Upstairs. He is the doctor that cures Consumption, Appendicitis, as well as all other diseases. Now is your time to be healed. Come and see him while he is here."

In that opinion the Court of Criminal Appeals, opinion by Justice Ramsey, had this to say: "The first statement in the advertisement put out by appellant characterizes him as a masseur doctor. He advertised himself to be the doctor, and to cure consumption, appendicitis, as well as all other diseases, and warns the public that 'now is your time to be healed.' Pursuant to his invitation, many people did call to see him, to be healed of their troubles. Can it be said that this man was not holding himself out as a physician, as one who treated and cured diseases? Can it be said that he did not, in the sense that the Legislature understood this term and method or system of treatment, know he is not exempt on the mere ground that he does not use drugs and medicines or surgical instruments?"

Then follows an approved quotation of an announcement in People v. Allcutt, 189 N. Y. 517, 81 N. E. 1171, which answered those questions adversely to appellant, and in the motion for rehearing in that case a further argument is made in support of the conclusion in that opinion.

In Milling v. State, 67 Tex. Cr. R. 551, 150 S. W. 434, 435, the same court sustained a conviction for practicing medicine in violation of article 741. The defense in that case was that the defendant practiced simply and solely as a masseur and so advertised himself; but the court observed that notwithstanding the defendant represented himself merely as a masseur, he undertook to cure diseases for pay, which he could not do without properly registering his certificate as required by article 739, and further said: "In other words, he could not hold himself out as a masseur, claiming to treat diseases without pay, and as a matter of fact treat human beings for disease and disorder as a doctor and indirectly charge them therefor, without a certificate registered, etc." Dankworth v. State, 61 Tex. Cr. R. 157, 136 S. W. 788, is to the same effect.

We have reached the conclusion that the advertisements of plaintiff expressly and specifically as a doctor and offering to treat all manner of chronic diseases successfully without the use of drugs or the knife, was an offer to practice medicine within the meaning of article 741 of the Penal Code above mentioned; and in the absence of any showing in plaintiff's petition that he had complied with the provisions of article 739, requiring the procurement and registration of a license to practice medicine issued by a proper authority, he showed no right to maintain the action of libel for that reason alone, independently of our foregoing conclusions; the burden being upon him to show that he was engaged in the lawful right to pursue the practice which he advertised to do. And the fact alleged by him that the newspaper added the word "Dr." to his advertisement without his consent, avails him nothing in his suit, since the newspaper was his selected agent in the matter and he does not allege that he repudiated such unauthorized designation of himself as "Dr." by any character of notice to the public, and published the second advertisement with the same designation of himself as "Dr." 17 R. C. L. p. 309; Hargan v. Purdy, 93 Ky. 424, 20 S. W. 432; Lathrop v. Sundberg, 62 Wash. 136, 113 P. 574, Ann. Cas. 1912C, 891, 33 L. R. A. (N. S.) 90, and notes to the decision of that publication.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.