**Alton STEWART, Appellant,**

v.

**The ENTERPRISE COMPANY, Appellee.**

**No. 7006.**

Court of Civil Appeals of Texas.

Beaumont.

March 27, 1969.

Rehearing Denied April 17, 1969.

John L. Fulbright, Beaumont, for appellant.

Orgain, Bell & Tucker, Chilton O'Brien, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for libel brought by plaintiff, Alton Stewart, against defendant, The Enterprise Company. Judgment was rendered for defendant upon the jury findings. The parties will be referred to here as they were in the trial court.

This is the second appeal of this case. Upon the first trial, judgment was instructed for defendant at the close of plaintiff's testimony. This court held that issues of fact were raised by the evidence and the case was reversed and remanded for a new trial. Stewart v. Enterprise Company, 393 S.W.2d 372 (Tex.Civ.App., 1965, error ref. n. r. e.).

This action was brought against defendant because of an article published by it in the Beaumont Enterprise newspaper January 1, 1963. A part of such article read as follows:

"ARRESTS END CRIME SURGE

"12 Burglaries, Felony and
Misdemeanor Thefts Solved

"Twelve burglaries, six felony thefts and several misdemeanor thefts have been cleared up with the arrests, beginning last Thursday, of six persons, Sheriff's Capt. Carl Moon said yesterday.

"A seventh member of the alleged burglary and theft ring is still at large.

"Charged in justice courts here and in Port Arthur with either burglary, felony theft or receiving and concealing stolen property, he said, are:

"Prentice Edward Gibson, 28, and Nettie Rae Giles, 41, both of Nederland;

Billy Gene Couch, 31, and Alton Stewart, Jr., both of Groves; Donald Lee Mikesell, 29, of Port Neches; and Roy David Harwell, 40, of Port Arthur.

"The burglaries and thefts, which were committed over a period of four or five months, netted the ring approximately $3,000 in stolen merchandise, Capt. Moon said. He said some $1,000 worth of this property has been recovered by investigating officers.

"Among the stolen items that have been recovered are two outboard motors, two water pumps, a silver Christmas tree, colored revolving lights, various types of boots, two car tires (one of which was stolen in Orange County) and a transistor radio.

\* \* \* \* \* \*

"Receiving and concealing stolen property charges have been filed against Couch and Stewart, Capt. Moon said.

\* \* \* \* \* \*

"Capt. Moon said Couch and Harwell sold cigarettes at the club which had been stolen by the other members of the ring. He said that Stewart served as 'fence' for the stolen water pumps by carrying them to Louisiana."

This court in the former opinion held as follows:

"The statements made in the newspaper article were libelous per se. The words written would injuriously affect the business of the plaintiff, and were actionable unless privileged, or unless true. The language used, giving its plain, ordinary and natural meanings charged the plaintiff with being a member of an alleged burglary and theft ring and as serving as a fence for the stolen water pumps by carrying them to Louisiana. These statements amounted to charges of the commission of crime and were libelous per se. We do not find this language ambiguous."

Plaintiff's first point of error is that the trial court erred in refusing to instruct the jury that the language used in the newspaper article in question was libelous per se. Plaintiff cites Southern Publishing Company v. Foster, 53 S.W.2d 1014 (Tex.Com.App., 1932; and Cotulla v. Kerr, 74 Tex. 89, 11 S.W. 1058 (1889), as supporting his contention. We do not find either of these cases to be controlling. The Kerr case, supra, was submitted to the jury on a general charge, and the law of that case has no application here. In the Foster case, supra, the Commission of Appeals held the article not to be libelous as a matter of law, and reversed the judgments of the trial court and Court of Civil Appeals, and rendered judgment for defendant. In such opinion, this statement is made:

"If the publication standing alone is clearly libelous, it is the duty of the court to instruct the jury accordingly."

There was no point of error before that court that the trial court erred by refusing to give an instruction to the jury as requested in our present case. Therefore, if the quotation from that opinion is given the construction plaintiff suggests, it would be dicta. However, we construe that quotation to mean, the trial court should submit the case to the jury accordingly. The trial court, in our present case, submitted the damage issue to the jury unconditionally. The jury was not required to find the article was libelous, and then conditioned upon such an affirmative finding, to answer the damage issue.

The requested charge in the present case was a general charge and was properly refused by the trial court. The point is overruled.

Plaintiff's next point of error complains that no judgment should have been entered for defendant based upon the answers of the jury to special issues numbers 3 and 4, because such issues are ambiguous. It is argued that it is impossible to determine from these answers whether the jury found that Captain Moon *said* plaintiff was a member of a burglary or theft ring and a

fence for stolen property, or that it was true that plaintiff was a member of such ring and a fence. Proving Captain Moon made the statements would not be defense to this cause of action, while proving plaintiff was a member of a burglary and theft ring and a fence for stolen property, would be a complete defense. These special issues, together with the court's instructions were as follows:

## "SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that the statements contained in the article in question, marked Plaintiff's Exhibit P-1 with reference to the Plaintiff, Alton Stewart, were substantially true?

"Answer YES or NO.

"ANSWER:    Yes"

## "SPECIAL ISSUE NO. 4

"What sum of money if paid now in cash, do you find from a preponderance of the evidence would fairly and justly compensate the Plaintiff for the pecuniary loss, if any, he sustained as a direct and proximate result of the publication of the article identified as Plaintiff's Exhibit P-1 in the Beaumont Enterprise of January 1, 1963?

"In answering the above and foregoing special issue, you may take into consideration such damages, if any, to the reputation of the Plaintiff and such mental anguish, if any, and humiliation, if any, and embarrassment, if any, or loss or damage to Plaintiff's business known as Club Stewart, if any, which Plaintiff may have sustained as a direct and proximate result of the publication by the Defendant of any untruthful portions, if any, of the article in question. In this connection you are instructed that you may not take into consideration, or may not award any damages, if any, suffered or sustained by Plaintiff, as a result of the publication by the Defendant of any

truthful, if any, portions of the article in question pertaining to Alton Stewart.

"You are instructed that in answering the above and foregoing Special Issue, you may take into consideration the motives of the defendant and the mode and extent of the publication by the Defendant of the newspaper in which the article in question appeared.

"You are further instructed that you will render no verdict against the Defendant for damages except such, if any, as are naturally and proximately caused by the publication of any untrue portion, if any, of the language referred to in Plaintiff's Exhibit P-1.

"You are further instructed that in answering this Special Issue that you cannot take into consideration or allow any damages of any kind or character, if any, to Alton Stewart caused by or attributable to any article in the Port Arthur News, or caused by or attributable to any broadcast or newscast pertaining to said matter.

"Answer in Dollars and Cents, if any.

ANSWER:    None"

■ Plaintiff submitted in writing to the court, in connection with special issue No. 4, the following instruction:

"In answering the above and foregoing Special Issue, you may take into consideration such damages, if any, and humiliation, if any, and embarrassment, if any, or loss or damage to Plaintiff's business known as Club Stewart, if any, which Plaintiff may have sustained as a direct and proximate result of the publication by the Defendant of the untruthful portions, if any, of the above quoted libelous language. In this connection, you are instructed that you may not take into consideration, or may not award any damages, if any, suffered or sustained by Plaintiff, as a result of the publication by the Defendant of the truthful, if any,

portions of the above quoted libelous language."

It is apparent, the instruction requested by plaintiff is in substantially the same form as the instruction given by the court. Plaintiff's requested instruction does not attempt to correct the matter he is now complaining about. This point of error is overruled. Rule 279.

■ Plaintiff has a point of error that there is no evidence to support the answers of the jury to special issue numbers 3 and 4, as shown above. In passing upon this point of error, we consider only the evidence favorable to these findings by the jury.

■ The finding in answer to Special Issue No. 3 that the statements in the newspaper article were substantially true is supported by the evidence, direct and circumstantial, considering all of the reasonable inferences and deductions. It is admitted that plaintiff was arrested and charged with the offense of receiving and concealing stolen property, and that he did in fact carry water pumps to Louisiana. The evidence shows: That plaintiff owned clubs or taverns known as "Club Stewart," "Guys and Dolls", "The Alibi Club", and the "Lou Ann Club". That plaintiff had leased "The Alibi Club" to Bill Couch, one of the men referred to in the newspaper article. That Couch later plead guilty to a charge of receiving and concealing stolen water pumps. That plaintiff bought the water pumps from Couch for $50.00 each, although he did not know where Couch got the pumps. Plaintiff paid for the pumps in cash, but got no receipt or bill or sale, and no record was made of the transaction. That no one else was present at the time of these transactions. That each of the persons mentioned in the article, except plaintiff, plead guilty to various crimes with which they were charged. That Roy David Harwell, another person mentioned in the newspaper article, worked for plaintiff at "Club Stewart" for a short time, and later plead guilty to the charge of receiving and concealing stolen funds. Plaintiff admitted that on several occasions in making application for a poll tax and a liquor license, he had sworn he was a resident of the State of Texas and at the same time had sworn that he was a resident of Louisiana. He voted in each State as a resident thereof. Plaintiff further admitted liquor law violations.

■ The finding of the jury in Special Issue No. 4 that plaintiff had not been damaged, is also supported by all of the above mentioned evidence, as the jury was to answer that issue by finding the amount of pecuniary loss to plaintiff as a direct and proximate result of the untruthful portions of such article. All of the evidence as to special damages came from plaintiff and his wife, which, of course, the jury was free to disregard. This point of error is overruled.

■ Plaintiff also has a point of error that the jury's answer to Special Issue No. 4, as to damages, was contrary to the great weight and preponderance of the evidence. We considered the entire record in passing upon this point, and did not conclude that this finding was clearly wrong or manifestly unjust.

■ The damage issue (No. 4) was submitted unconditionally. The jury was free to find that plaintiff had been damaged regardless of its answer to Special Issue No. 3. Therefore, even if the jury had found that the statements in the newspaper article were not substantially true, the answer "none" to the damage issue, would have required the trial court to enter the judgment it did in this case.

We have carefully considered all of plaintiff's remaining points of error, and find no error on the part of the trial court. These points are overruled.

Affirmed.