**LOZANO NEWSPAPERS, Inc., v. ALVAREZ et ux.**

Nos. 3519, 3552.

Court of Civil Appeals of Texas. El Paso.

April 1, 1937.

Rehearing Denied April 29, 1937.

J. T. Canales, of Brownsville, and G. Woodson Morris, of San Antonio, for appellant.

Carter & Stiernberg, of Harlingen, for appellees.

NEALON, Chief Justice.

This was a libel suit brought by appellees, who are husband and wife, against appellant and its manager, Ignacio E. Lozano. As to the last-named defendant, a nonsuit was taken.

Appellant is a corporation domiciled in Bexar county, where it publishes "La Prensa," a Spanish-language newspaper. The offending publication, as translated into English, reads as follows:

"Harlingen Society News—Mrs. Gorgonia A. Smith Returns.

"Returning from Corpus Christi, Texas, where she had gone on a wedding trip with her husband, Mr. Johnson Smith, Mrs. Gorgonia Alvarez de Smith arrived in this city today and was received by her family, Francisco Alvarez, Manuel Alvarez, and Maria Alvarez, who was queen in the popularity contest conducted by the Prensa, Billy, Beatriz, Francisco and Chuy Alvarez.

"Mr. Smith did not return, having been detained by some urgent business matters which required his presence in the Port of Corpus Christi."

It was pleaded and proved that plaintiffs resided in Cameron county, and that in using the name "Mrs Gorgonia A. Smith" and "Mrs. Gorgonia Alvarez de Smith" defendants meant Gorgonia Alvarez, appellee, wife of Francisco Alvarez, the other appellee, and that it would be so understood by an ordinary person acquainted with her.

The case was submitted to a jury upon five special issues, four of which it answered in the affirmative, said issues reading as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the article published in La Prensa on December 21st, 1935, was such that an ordinary person acquainted with the plaintiff, Gorgonia Alvarez, and reading the same would conclude therefrom that the person therein described was meant to be the plaintiff, Gorgonia Alvarez?

"Special Issue No. 2: Do you find from a preponderance of the evidence that the article published in La Prensa on December 21st, 1935, of and concerning plaintiff, Gorgonia Alvarez, if you have so found, is couched in language defamatory to plaintiff Gorgonia Alvarez?

"Special Issue No. 3: Do you find from a preponderance of the evidence that the article published in said newspaper, as it referred to plaintiff, Gorgonia Alvarez, if you have so found, tended to impeach or injure the reputation, if any, of said plaintiff, Gorgonia Alvarez, and thereby tended to expose her to public hatred, contempt or ridicule?

"Special Issue No. 4: Do you find from a preponderance of the evidence that the article published in said newspaper, as it referred to plaintiff, Gorgonia Alvarez, if you have so found, tended to impeach the virtue of said plaintiff, Gorgonia Alvarez, and thereby expose her to public hatred or ridicule?

"Special Issue No. 5: What sum of money, if paid now, do you find from a preponderance of the evidence, would reasonably compensate plaintiffs for injuries, if any, done to Gorgonia Alvarez, as the proximate result of the publication of said article? Answer in dollars and cents."

To the fifth issue the jury answered $2,775. Judgment was accordingly rendered in favor of plaintiffs (appellees) and

against defendant (appellant) for this amount.

### Consolidated Opinions.

■ Case numbered in this court 3552 is an appeal from a judgment overruling appellant's plea of privilege to be sued in Bexar county. The controverting affidavit of plaintiffs was filed in due time. It was therein alleged that plaintiffs resided in Cameron county at the time the publication was made and at the time of suit, and that, therefore, the venue was in Cameron county by virtue of subdivision 29 of article 1995, of the Revised Statutes. The petition was introduced in evidence to show the nature of the suit. The allegations of the controverting affidavit were proved, as well as that the offending publication had reference to appellee Gorgonia Alvarez.

The ruling of the court upon the plea of privilege was correct, the assignments complaining of same are overruled, and the judgment with respect thereto is affirmed.

■ Appellant's general demurrer was properly overruled, plaintiffs' allegations being that the published item referred to Gorgonia Alvarez, a married woman, identifying her, naming her children as members of her family, carrying her name with the name Smith added, and stating that she had just returned from Corpus Christi where she had gone on a wedding trip with a man other than her husband; that it meant, and was intended to mean, she had been having clandestine relations with said man, that she was an unchaste woman, that it impeached her integrity, and caused her to sustain damages by reason of its injury to her reputation in the community in which she lived; that it tended to injure her reputation and exposed her to public hatred, contempt, and ridicule, causing her chagrin and humiliation, mental pain and anguish. It would be difficult to state a more complete cause of action. In fact, as counsel for appellees justly observes, had the words "also her husband" been interpolated after the words "Francisco Alvarez," the article would have been libelous per se as charging bigamy. The meaning carried by the item is too clear to require discussion. It would be absurd squeamishness to pretend ignorance of its clear implications.

Proposition 3 complains of the definitions of "libel" and the "proximate result of the publication of said article," given by the court in its charge to the jury. The assignment is overruled. In view of what is later said, if there was error in the definitions, appellant was not injured.

■ By its fourth proposition appellant complains of the action of the court in submitting special issue No. 1. There was no error in submitting the issue, and the assignment is overruled.

■ By its propositions 5, 6, and 7, appellant complained of the submission of issues numbered 2, 3, and 4. The submission of these issues did not affect appellant prejudicially. The facts fully made out the case alleged by appellees. It was proved by the undisputed evidence that Gorgonia Alvarez was a married woman, and the wife of Francisco Alvarez at the time that appellant published that she was making a wedding journey with the man alleged to be named Smith. If she contracted marriage with a man named Smith while she had a living husband, she was guilty of a felony—bigamy. This meaning might well be implied from the article, and certainly if it did not bear this interpretation, it was a charge of immorality, and made in no uncertain terms. It was, therefore, not necessary to offer evidence to prove that such a charge tended to expose her to public hatred, contempt, and ridicule. As said by Judge Neill, in San Antonio Light Publishing Co. v. Lewy, 52 Tex.Civ.App. 22, 113 S.W. 574, 579 (writ denied), "This is too obvious to admit of discussion." See, also, Galveston Tribune v. Johnson (Tex.Civ.App.) 141 S.W. 302 (writ refused). The doctrines enunciated in these cases amply justify the action of the trial court in overruling appellant's special exception respecting the reasonableness of the innuendo alleged in the instant case, and in overruling the objections to special issues 2, 3, and 4. See San Antonio Light Pub. Co. v. Lewy, supra, 52 Tex.Civ.App. 22, 113 S.W. 574, at page 579, which quotes with approval the following: "The defendant is in no way embarrassed by the presence of the innuendo in the statement of the claim; in fact, it is to him an advantage. He can either deny that he spoke the words, or he can admit that he spoke them, but deny that they conveyed that meaning. He can also plead that the words were true, either with or without the alleged meaning. It will then be for the jury to say from the proofs whether the plaintiff's innuendo is sustained. If not, the plaintiff may fall back

upon the words themselves, and urge that, taken in their natural and obvious signification, they are actionable in themselves without the alleged meaning, and that therefore his unproved innuendo may be rejected as surplusage." Newell on Slander & Libel, p. 628, § 38; Ogders on Libel & Slander, 101; Townshend on Slander & Libel, § 336. See, also, Galveston Tribune v. Johnson (Tex.Civ.App.) 141 S.W. 302, at page 304; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874, 152 S.W. 167.

 Under proposition No. 5 appellant complains of special issue No. 2 because (a) it fails to define the words "couched" and "defamatory," and (b) because it assumed that the published article referred to Gorgonia Alvarez. Replying to the objections in the reverse order: The undisputed evidence showed that Gorgonia Alvarez was the person referred to in the publication; no error was committed in refusing to define the words "couched" and "defamatory." These words are not "legal terms" within the meaning of Rev. Civ.St. art. 2189. Their legal and popular significance are identical.

■ Proposition No. 8 charges that the court erred in submitting special issue No. 5. It is evidently intended that this proposition be treated as an assignment, though it is followed by no proposition of law. It refers to paragraph 13 of appellant's amended motion for new trial and paragraph VIII of "Defendant's objections and exceptions to the charge of the Court." It does not set out paragraph 13, nor state its purport. By referring to the transcript, we find paragraph 13 charges error in overruling defendant's objections and exceptions set out in said paragraph VIII. Paragraph VIII contains three or more independent grounds of objection. If the proposition can be treated as an assignment, it is too general to require consideration.

■ Proposition 9 is objectionable for the same reasons that apply to proposition 8, with these differences: It refers the court to paragraph 14 of defendant's amended motion for new trial, which in turn refers to paragraph X of the objections and exceptions which contains ten specifications of error, some, if not all, of which are manifestly without merit.

■ By proposition 10 appellant charges that the court erred in refusing to submit its requested special charge styled "Defendant's Requested Special Issue No. 6." The charge is faulty in that it contains two requests. However, we have considered it. Both requests are covered by the instruction appended to special issue No. 5. The second of the requests was for an instruction that plaintiff should not be allowed any sum for anger or feelings of resentment toward defendant. There was no reversible error in refusing the instruction. The charge of the court limited the jury's consideration strictly to certain stated elements of damage, and accomplished the exclusion sought by appellant. Western Union Telegraph Co. v. Wilson, 108 Tex. 375, 194 S.W. 385; Western Union Telegraph Co. v. Hardison (Tex.Civ.App.) 101 S.W. 541 (writ refused).

All assignments of error are overruled, and judgment is affirmed.